UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KRISTIN PAHL,

                                        Plaintiff,

        v.                                                    **DECISION AND ORDER**
                                                              12-CV-316S
CAROLYN W. COLVIN,
Acting Commissioner of Social Security,[1]

                                        Defendant.

        1.      Plaintiff, Kristin Pahl, challenges the decision of an Administrative Law Judge

("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act").

Plaintiff alleges that she has been disabled since May 8, 2007 when, while helping her

husband build their house, she fell from a forklift and broke both her wrists and burst

fractured her L1 vertebrae. Plaintiff contends that her impairment has rendered her unable

to work.   She therefore asserts that she is entitled to payment of Disability Insurance

Benefits under the Act.

        2.      Plaintiff filed an application for Disability Insurance Benefits on October 31,

2008.   Her application was denied.   At Plaintiff's request, an administrative hearing was

then held before ALJ Jeffrey Jordan on January 4, 2011.   The ALJ denied the claim in a

written decision, dated January 13, 2011.   Plaintiff then requested review of ALJ Jordan's

decision, but the Appeals Council declined that request.   Plaintiff filed the current civil

action on April 16, 2012, challenging Defendant's final decision.[2]

------

[1] Appointed on February 14, 2013 as the Acting Commissioner of Social Security, Carolyn W. Colvin is automatically substituted as the defendant in this case. See Fed. R. Civ. P. 25(d).

[2] The ALJ's January 13, 2011 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

3.      On February 7, 2013, the Government and Plaintiff filed Cross-Motions for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

4.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5.      "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the

2

[Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. § § 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the

claimant's job qualifications by considering her physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability (R. at 42);[3] (2) Plaintiff's disorders of the back and wrists constitute "severe" impairments within the meaning of the Act (R. at 42); (3) Plaintiff's impairment does not meet the criteria necessary for finding a disabling impairment under the regulations (R. at 42); (4) Plaintiff retained the residual functional capacity ("RFC") to perform less than the full range of sedentary work (R. at 42-43); and (5) Plaintiff was unable to perform any past relevant work as a restaurant manager. (R. at 48). The ALJ also found that, considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Ultimately, the ALJ determined that Plaintiff was not under a disability, as defined by the Act, at any time from May 8, 2007 through the date of his decision, January 13, 2011 (R. at 50).

As noted above, the ALJ found the Plaintiff to have an RFC of less than the full range of sedentary work. An RFC for the full range of sedentary work includes "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files,

---

[3] Citations to the underlying administrative record are designated as "R."

ledgers, and small tools." 20 C.F.R. § 404.1567(a). And "although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." Id. In comparison, the ALJ found that Plaintiff is unable to stand or walk for longer than 15 minutes before alternating to sitting, and cannot sit more than 30 to 45 minutes before standing. (R. at 43).

10.     Plaintiff raises two main arguments in support of her motion. Plaintiff first argues that the ALJ failed to give proper weight to certain medical sources. Second, Plaintiff argues that the ALJ relied on improper testimony from the vocational expert ("VE").

11.     Plaintiff argues the ALJ erred when he failed to give more significant weight to the opinions of Dr. Huang and Dr. Jones, who opine that Plaintiff is disabled.

An October 28, 2009 report from Dr. Jones states that Plaintiff "remains totally disabled from work at this time." (R. at 368). Dr. Huang similarly states that Plaintiff should "continue to pursue SSC, as she is still unable to work full duty." (R. at 357). According to the Code of Federal Regulations, however, opinions and determinations of disability are reserved to the Commissioner and as such, medical opinions regarding disability will not be given any special significance. 20 C.F.R. § 404.1527(d); See Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999); See also Rodriguez v. Astrue, 12-CV-142S, 2013 WL 690502, at *3 (W.D.N.Y. Feb. 25, 2013) ("Whether an individual is 'disabled' under the Act is not a medical issue but is an administrative finding."). Because these opinions are nothing more than determinations of disability, the ALJ properly assigned them little weight. See id.

Further, Dr. Huang's opinion that Plaintiff is disabled is inconsistent with his own physical examination. Dr. Huang found Plaintiff to be "in no acute distress" and to have full strength in bilateral lower extremities. (R. at 356-57). Dr. Huang also found Plaintiff to

have the ability to lift up to 20 pounds and could sit or stand in 30 minute intervals. (R. at 356-57). Thus, while Dr. Huang opined that Plaintiff was disabled from work, the findings of Dr. Huang's examination actually more closely align with the ALJ's RFC. Accordingly, this Court finds no reversible error in this aspect of the ALJ's decision.

12.    Relatedly, Plaintiff also argues there is a lack of substantial evidence to sustain the ALJ's decision; she specifically challenges the ALJ's finding that Plaintiff would be able to work a full eight-hour work day by alternating between sitting and standing is in error. (R. at 43).

The ALJ's finding was partly based on the original medical report of Dr. Huang, who stated that Plaintiff "is unable to sit or stand greater than 30 minutes at a time." (R. at 357). Plaintiff argues that more weight should have been given to Dr. Huang's later, contradictory opinion, submitted to the Appeals Council after the ALJ's initial determination, where Dr. Huang found that Plaintiff needs to recline one to two hours every eight hours. (R. at 391). No such requirement was found in his first report. To be sure, the VE testified that if Plaintiff were required to recline for significant periods of time during a workday, all employment would be eliminated. (R. at 34).

This second report, however, does not change this Court's determination that the ALJ's decision was based on substantial evidence. Dr. Huang's first report is based on and supported by objective medical findings, including his own treatment notes. (R. at 262, 264, 311-13, 315, 321, 362, 382, 356-57). But the later report aligns with neither Dr. Huang's original report nor Plaintiff's own testimony. The need to recline, for example, is not consistent with his medical findings describing Plaintiff as "in no acute distress," "doing extremely well," and noting that she "will continue to improve with time." (R. at 313, 356).

The second report is also inconsistent with her daily activities; Plaintiff indicated that she cooked, cared for animals, went shopping, and attended church. (R. 157-161.)

13.    The second assessment also does not align with other medical reports in the record, which are detailed below. Dr. Kelley's opinion, for instance, supports the ALJ's determination. She observed  that Plaintiff did not need help changing for the exam, did not need help getting on and off the exam table, and was able to stand up from a seated position, walk on her heels and toes, and squat two-thirds of the way down without difficulty.  (R. at 325-327).  Dr. Kelley also stated that Plaintiff "appeared to be in no acute distress." Id.  Further, Dr. Kelley's report provided no finding on a need to alternate between sitting and standing, or a need to recline 1 to 2 hours per workday.

Reports from Dr. Gorczyca and Dr. Luzi similarly support the ALJ's determinations. Dr. Luzi found Plaintiff to have "full range of motion" in her left knee, and recommended only "observation and activities as tolerated." (R. at 349).  Further, Dr. Gorczyca found Plaintiff to be "progressing steadily" with her wrist impairments, and found Plaintiff's wrist strength to be "4+/5 on the left and 5/5 on the right." (R. at 305).

Although the second report certainly makes this a closer case, "[t]he question for our review is not whether the evidence preponderates in the Secretary's favor." Dumas v. Schweiker, 712 F.2d 1545, 1553 (2d Cir. 1983). Taken in the aggregate, the above medical reports, Plaintiff's testimony, and lack of objective evidence suggesting that her pain requires her to lie down for significant periods of time all amount to substantial evidence supporting the ALJ's finding.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982) (stating that factual findings are conclusive when supported by substantial evidence and that courts would be "derelict in our duties if we simply paid lip service to this rule, while

shaping our holding to conform to our own interpretation of the evidence"). Accordingly, despite Dr. Huang's later report, the ALJ's finding remains supported by substantial evidence, and the Appeals Council decision not to grant review was not in error.[4] See Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996) (considering evidence submitted to appeals council but finding the ALJ's decision still supported by substantial evidence).

14.     Finally, in her last argument, relying on Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795 (1999), Plaintiff claims that reasonable accommodations taken by employers are not to be considered by an ALJ in determining disability.  The Cleveland court, in *dicta*, wrote: "when the SSA determines whether an individual is disabled for SSDI purposes, it does not take the possibility of 'reasonable accommodation' into account, nor need an applicant refer to the possibility of reasonable accommodation when she applies for SSDI." Id. at 803.

In his testimony, the VE specifically identified three jobs which the Plaintiff could perform based on the ALJ's RFC finding.  The VE found that someone in Plaintiff's position would be capable of working as a telephone survey worker, a telemarketer or telephone solicitor and a switchboard operator.  In originally identifying these jobs, the VE did not rely on, or even mention, a "reasonable accommodation."  A discussion of such a modification however, did arise during the examination by the Plaintiff's attorney. The VE testified that:

> The sit/stand option is not identified in the DOT but all things being equal as long as you maintain a presence at the assigned workstation these jobs, they are sedentary but for instance without looking at these jobs in person, you know, to facilitate their productivity and to accommodate the sit/stand option I would put a lift table in which is just a small table, it's almost like a serving

---

[4] Pointing to the second report, Plaintiff argues that the ALJ should have recontacted Dr. Huang to clarify any contradiction in his findings. But the second report was provided only to the Appeals Council, and this Court has already determined that it was not in error in denying review.

tray.  They [sic], I think if she chose to stand it would elevate your work surface and then if you press down on it then you would return to being seated and you could do that, you know, on and off. . . . It would be able to accommodate a sit/stand option and that's a reasonable accommodation in that they're, they're rather inexpensive. . . .

(R. at 33). It is this discussion on which Plaintiff bases her objection.

But, as is evident from this testimony, the VE did not find that a lift table was *necessary* in order to perform the jobs previously identified, only that it would make the "sit/stand" option easier to perform and would "facilitate [] productivity." (R. at 33). Furthermore, in his decision, the ALJ did not rely on this so-called "reasonable accommodation" in determining that Plaintiff could perform the work that was identified. In fact, the ALJ made no reference to a reasonable accommodation at all.  Because neither the VE's testimony, nor the ALJ's opinion was predicated on a "reasonable accommodation" being provided to Plaintiff, her objection is without merit.

To be sure, taking into account Plaintiff's limitation in sitting continuously for any extended period, the ALJ's opinion was contingent on a sit/stand option; the ALJ's hypothetical presumed that she would have to alternative positions every 30-45 minutes. But this was not in error. This court and others have consistently upheld an ALJ's reliance on VE testimony concerning jobs with a sit/stand option.  See Pellam v. Astrue, Slip Copy, No. 12-1412, 2013 WL 309998, at *3 (2d Cir. Jan. 28, 2013); Eckert v. Astrue, No. 07-CV-0466, 2009 WL 3740657, at *2 (W.D.N.Y. Nov. 5, 2009) (accepting VE's testimony that claimant could alternate between sitting and standing while still being able to perform the jobs identified). "Where an ALJ's finding and hypothetical are consistent with an at-will sit-stand option, no greater specificity is required."  Major v. Astrue, 12-CV-304S, 2013 WL 2296306, at *5 (W.D.N.Y. May 24, 2013).  According to the ALJ's finding and the objective

medical evidence that Plaintiff is "[a]ble to rise from chair without difficulty" (R. at 325), Plaintiff can alternate between sitting and standing at will. Therefore no greater specificity is required on the part of the ALJ in finding that Plaintiff is able to perform the jobs identified by the VE with this option. <u>See</u> <u>id.</u>

Plaintiff also argues that the VE's testimony was inaccurate because the job numbers he provided did not account for a sit/stand option. But, for the same reasons, this argument must also fail. As noted above, it is not error for the ALJ to rely on the VE's testimony of a sit/stand option so long as there is no actual conflict between the VE testimony and the Dictionary of Occupational Titles ("DOT"). No such conflict existed here "because the DOT does not address the availability of a sit/stand option" and it therefore "cannot contradict the vocational expert's testimony which endorsed such an option." <u>Wellington v. Astrue</u>, No. 12 CIV. 3523 KBF, 2013 WL 1944472, at *4 (S.D.N.Y. May 9, 2013). Thus, the ALJ's numbers on available jobs were accurate.

15. In short, after carefully examining the administrative record, this Court finds no cause to remand this case. Defendant's Motion for Judgment on the Pleadings is therefore granted, and Plaintiff's Motion for the same relief is denied.

****

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 11) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 13) is DENIED.

FURTHER, the Clerk of Court will amend the caption by substituting Carolyn W. Colvin for Michael J. Astrue.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.


Dated:  July 10, 2013
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court
